Donald W. Bolt v. Commissioner.
Donald W. Bolt v. Commissioner
Docket No. 7809.
United States Tax Court
1947 Tax Ct. Memo LEXIS 14; 6 T.C.M. (CCH) 1291; T.C.M. (RIA) 47329; December 22, 1947
*14 For lack of sufficient evidence, the respondent's determination of the amounts deductible for traveling, meals, lodging and other business expenses of the petitioner in the taxable year is approved. Henry A. McShanog, Esq., for the petitioner. Lester M. Ponder, Esq., for the respondent. LEECH Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves an income tax deficiency for the calendar year 1943 in the amount of $243.50. The only issue is whether the Commissioner erred in his determination of the allowable deductions for traveling expenses, including board and lodging, of petitioner. The case was submitted on oral testimony and exhibits. Findings of Fact Petitioner is an individual residing in Brazil, Indiana. After his marriage on June 12, 1943, he established an address in Cuernavoca, in the State of Morelos, Mexico; then he moved his address to Civodad, Civtoria, Tamalipos, at the end of 1943, from which places he carried on his work. Petitioner was engaged in the occupation of lecturer and writer. He traveled from Canada to the southern part of Mexico and in several states of the United States. In that year he also did some *15 volunteer orientation work for the United States Armed Forces, for which he received no pay but was not required to pay for his transportation. Petitioner, in 1943, filed an income tax return disclosing only the amount of his gross income to be $4,815. Upon returning from the trip to Mexico his luggage containing his records was confiscated. On September 22, 1944, he appeared before a deputy collector in the County of Clay, Indiana, with his counsel. The deputy collector made out a proposed amended return, which petitioner refused to sign. This amended return was used as a basis for determining the deficiency here involved. In determining petitioner's net income for the taxable year, the respondent allowed for traveling expenses, including railroad fares, meals, lodging, bus, taxi and street car fares, the total amount of $1,512, and an additional amount of $555 for expense in the business use of petitioner's automobile; a further sum of $634.98 was allowed for other business expenses, making a total allowance for the purposes stated of the sum of $2,701.98. Petitioner has failed to sustain the burden of showing error in the respondent's determination as to the amount of the allowable *16 deductions for traveling, lodging, meals and other business expenses of the petitioner in the taxable year. Opinion Petitioner contends that the respondent erred in allowing only the sum of $2,701.98 for expenses incurred in the taxable year for traveling, lodging, meals and other business expenses. The burden is upon the petitioner to establish a deductible expense and the amount thereof. ; . Petitioner's evidence consists of bare estimates as to the amount of his expenditures for traveling by rail and automobile and for meals and lodging in the taxable year. He contends that since he was unable to produce any records in support of his testimony, because of their confiscation, we should take judicial notice of the fact the amounts allowed by the respondent were insufficient. Had the respondent disallowed any deductions for such purposes, we would, under the rationale of , make as close an approximation as possible of the amounts allowable. However, since the respondent has allowed as deductions for such purposes *17 the amounts he deems reasonable, we think the rule of the Cohan case is not applicable. Petitioner has the burden of showing error in respondent's determination. Evidence consisting merely of bare estimates is insufficient to overcome the presumption of correctness of such determination. ; . The respondent's determination is approved. Decision will be entered for the respondent.